**David Owens** (SBN 275030)
**Elizabeth Wang**, IL Bar: 6287634, CO Bar 45976
**Steven Art**, IL Bar: 6302319
**Wallace Hilke**, IL Bar: 6329814
hilke@loevy.com
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

**Jan Stiglitz** (SBN 103815)
js@cwsl.edu
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Phone: (619) 807-5890

**Michael D. Seplow** (SBN 150183)
**Paul Hoffman** (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com
Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

*Counsel for Plaintiff*

\*Pro hac vice admission pending

**RICKEY IVIE** (SBN 76864)
rivie@imwlaw.com
**MARINA SAMSON** (SBN 315024)
msamson@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**

444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028; Fax (213) 489-0552
Attorneys for Defendants
COUNTY OF LOS ANGELES, DAVIS CASTILLO, DARREN DIVIAK, BAHMAN ATABAKI, DEPUTY R. BARTON, RYAN DEYOUNG, LARRY LINCOLN, MICHAL O'SHEA, STEVE TILLMAN, LOS ANGELES COUNTY SHERRIF'S DEPARTMENT

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| ALEXANDER TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, et al.,<br><br>  Defendants. | Case No. 2:22−cv−07450 MWF (MARx)<br><br>Hon. Michael W. Fitzgerald, District Judge<br><br>Magistrate Judge Margo A. Rocconi |
|---|---|
| | **PARTIES' JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference Date: February 6, 2023<br>Time: 11:00 am<br>Courtroom: 1600 |

2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's standing order, Plaintiff Alexander Torres ("Plaintiff"); Defendants Los Angeles Sheriff's Department and County of Los Angeles (together, the "County Defendants"); and David Castillo; Darren Diviak; Bahman Atabaki; Deputy R. Barton; Ryan Deyoung; Larry Lincoln; Michael O'Shea; Steve Tillmann; and Unidentified Employees of the County of Los Angeles and the Los Angeles Sheriff's Department (together, the "Individual Defendants"), state as follows:

**Plaintiff's Statement of the Case**

This civil rights suit seeks redress for the alleged violation of Plaintiff Alexander Torres's constitutional rights resulting in his wrongful conviction. Plaintiff alleges that, based on misconduct by the Individual Defendants, as well as the policies and practices of the Los Angeles County Sheriff's Department and the County of Los Angeles, he spent more than twenty years incarcerated for a murder he did not commit. Plaintiff's claims are as follows: (1) a federal due process claim for fabrication of evidence and withholding of exculpatory evidence (Count I); (2) a federal post-process illegal detention and prosecution claim (Count II); (3) a federal failure to intervene claim (Count III); (4) a federal conspiracy claim (Count IV); (5) a *Monell* claim against the County Defendants (Count V); (6) A state law intentional infliction of emotional distress claim (Count VI)

(7) a state law civil conspiracy claim (Count VII); (8) a state law Bane Act claim (Count VIII); (9) a state law malicious prosecution claim (Count IX)[1]; (10) a state law *respondeat superior* claim against the County Defendants (Count X); and (11) a state law indemnification claim against the County Defendants (Count XI).

There are no counterclaims. The County Defendants have asserted fifty-four affirmative defenses.

*Defendant's Statement:*

Defendants County of Los Angeles and Individual Deputies ("Defendants") collectively) deny that they intentionally violated Plaintiff's ("Plaintiff") civil rights or engaged in any misconduct and grossly reckless actions against Plaintiff. Deputies had reasonable suspicion to detain and probable cause to arrest Plaintiff. The deputies conduct was reasonable and was based on eyewitnesses' testimonies and circumstantial evidence presented to the deputies at the time.

**B.        Subject Matter Jurisdiction**

The parties agree that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. §1367.

---

[1] Plaintiff acknowledges that Defendants may assert immunity under California Government Code Section 821.6 on this claim. He pleads this claim to preserve it in case of a change of law

1  The parties further agree that venue is proper under 28 U.S.C. §§ 1391(b)(1) and
2  (b)(2).

**C.        Legal Issues**

**Plaintiff's Position**

The key legal issues in this case concern:

1. Whether the Individual Defendants violated Plaintiff's right to due process by fabricating evidence that was used against Plaintiff to his detriment in a criminal case. *See Brown v. Mississippi*, 297 U.S. 278, 286 (1936); *Deveraux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).

2. Whether the Individual Defendants violated Plaintiff's right to due process by failing to disclose exculpatory and impeaching evidence that was used against Plaintiff to his detriment in a criminal case. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Tennison v. City & Cnty. Of San Francisco*, 570 F.3d 1078, 1088-89 (9th Cir. 2009).

3. Whether Plaintiff was illegally prosecuted and detained without probable cause. *See Manuel v. City of Joliet*, 137 S.Ct. 911 (2017); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

4. Whether the policies and practices of the Los Angeles Sheriff's Department and the County of Los Angeles were the moving force behind the violation of

Plaintiff's constitutional rights. *See Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

5. Whether any of the Individual Defendants are liable for failing to intervene in the violation of Plaintiff's constitutional rights. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

6. Whether the Individual Defendants are liable for reaching a conspiratorial agreement to violate Plaintiff's constitutional rights. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

7. Whether any of the Individual Defendants are entitled to qualified immunity. *See Pierson v. Callahan*, 555 U.S. 223 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

8. Whether the Defendants violated California state law in securing Plaintiff's alleged wrongful conviction.

**Defendant's position**

1. Whether the Los Angeles County Sheriff's deputies actions constituted violation of Plaintiff's constitutional rights;

2. Whether the Los Angeles County is liable for unconstitutional custom, practice, or policy;

3. Whether the Los Angeles County Sheriff's deputies were negligent in their actions;

4.      Whether Los Angeles County Sheriff's Department failed to adequately train deputies and if so, whether such failure to train was the cause of the in fact of Plaintiff's injuries;

5.      Whether Defendant's violated Plaintiffs 14th Amendment right under the substantive due process clause;

6.      Whether any Los Angeles County Sheriff's deputies conducts rise to a level that supports a claim for punitive damages;

7.      The nature and extent of any alleged damages;

8.      Whether any Los Angeles County Sheriff's deputies are entitled to qualified immunity;

9.      Whether Plaintiff failed to mitigate his damages;

10.     Whether Plaintiff was comparatively negligent.

**D.     Parties, Evidence, Etc.**

    **1. Parties.**

Plaintiff: Alexander Torres

Defendants: Los Angeles Sheriff's Department; County of Los Angeles; Jimmie Gates; David Castillo; Darren Diviak; Bahman Atabaki; Deputy R. Barton; Ryan Deyoung; Alfredo R. Castro; Larry Lincoln; Michael O'Shea; Steve Tillmann;

Ralph Salazar; Deputy Gilbert; Deputy Guerrero; And Unidentified Employees of the County of Los Angeles and the Los Angeles Sheriff's Department.

**2. Witnesses.**

Plaintiff's investigation continues, but at this early stage in the case, Plaintiff believes that, in addition to the parties, the following witnesses have information relevant to the case:

   a. County of Los Angeles and the Los Angeles Sheriff's Department Employees: Chris Romash, Juan Castillo, Richard Ramirez,

   b. Third party witnesses: Daniel Silva, Raul Cordova, Esteban Garnica, Oscar Valenzuela, Hilario Saucedo, Alvaro Castro, Yovana Delgado, Guadalupe Carnalas Rangel, Jose Cruz, Alma Perez, Julian Sanderson, Jose Perez, Luis Gonzalez.

   c. Prosecutors, defense attorneys, and other persons with information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, the reinvestigation of Oswaldo Conde's death, the reversal of Plaintiff's conviction, and the dismissal of charges against Plaintiff, including Martha Carrillo, Dave Jones, Terry Hubert, Jeremy Karpel, and Lynda Romero.

  d. Rule 30(b)(6) witness for the County of Los Angeles and the Los Angeles Sheriff's Department.

  e. Witnesses with information about Plaintiff's prosecution, conviction, and incarceration, and damages, including Sandra Torres, Javier Torres Martha Roca, Stacy Roca, Wendy Roca, Delilah Trejo, Ernie Trejo, David Trejo, Jesus Lopez, Martha Hernandez.

**3. Key Documents.**

Plaintiff's investigation continues, but at this early stage, Plaintiff believes key documents include:

• Files, police reports, notes, correspondence, crime scene photos, lineup photos, and any other investigative materials related to the Martin Guitron murder investigation;

• Correspondence among Defendants about the murder investigation;

• Documents and correspondence between and among Los Angeles Sheriff's Department, witnesses to the Martin Guitron murder investigation, and forensic examiners who worked on the case;

• Audio recordings, video recordings, and transcripts of witness interviews and polygraph examinations conducted during the murder investigation;

- Documents related to physical evidence collected during the Martin Guitron murder investigation;
- Martin Guitron autopsy report;
- Documents regarding Plaintiff and the Los Angeles County District Attorney's Offices investigations into the real killer and getaway driver involved in Martin Guitron's murder, Jose Perez and Luis Gonzalez
- Documents regarding Plaintiff and the Los Angeles County District Attorney's Offices investigations into the real killer and getaway driver involved in Martin Guitron's murder, Jose Perez and Luis Gonzalez
- Documents shedding light on Defendants' knowledge of information about alternate suspects
- Documents related to the Los Angeles Sheriff Department's policies, practices, and training;
- The Individual Defendants' personnel files and documents related to their disciplinary history and complaints filed against them;
- The file of Plaintiff's defense counsel from his criminal trials;
- The District Attorney's complete file from Plaintiff's prosecution;
- The District Attorney's complete file from the reinvestigation of Martin Guitron's murder;
- Communications between the District Attorney's office and Defendants

- Transcripts of Plaintiff's criminal proceedings;
- Documents from the appellate courts related to Plaintiff's appeals;
- Post-conviction documents related to Plaintiff;
- Notes, reports, correspondence, and any other written materials prepared by forensic examiners and scientists who analyzed evidence connected to the Martin Guitron investigation.

**E. Damages**

Plaintiff will ask the jury to award damages based on Mr. Torres's 20 years of wrongful imprisonment and his resulting damages.

**F. Insurance**

The COUNTY OF LOS ANGELES is self-insured for Plaintiff's claims.

**G. Motions**

**Plaintiff's anticipated motions**

Plaintiff states that he may amend his complaint and may file a motion to add other parties based on the course of early discovery and as new evidence emerges regarding his claims and that he does not anticipate filing a motion to transfer venue.

Plaintiff is conferring with the Defendants who have appeared regarding their Answers. Plaintiff may file a motion to strike some of Defendants' fifty-four asserted affirmative defenses and to compel individualized responses to his allegations.

Plaintiff continues to pursue service of the unserved Defendants. Counsel for Defendants will file answers for Defendants O'Shea and Atabaki, Castro, Deyoung, Tillman. Defendants Gilbert, and Guerrero remain unserved. Plaintiff may file a motion for alternative service or to compel production of additional identifying information from Defendants if he remains unable to locate or serve those remaining Defendants.

**Defendants' anticipated motions**

Defendants anticipate filing a motion for a protective order regarding certain aspects of discovery, motion to dismiss, motion for judgment on the pleadings and summary judgment/adjudication.

**H. Manual for Complex Litigation**

The parties submit that the manual for complex litigation should not be used.

**I. Status of Discovery**

Plaintiff and Defendant Los Angeles Sheriff's Department have exchanged initial Rule 26 disclosures. Plaintiff has served requests for production on the Los Angeles Sheriff's Department and the Individual Defendants who have appeared. Parties are working to agree on a confidentiality order to facilitate the flow of discovery, including additional information to help Plaintiff complete service on the remaining Defendants.

**J. Discovery Plan**

Plaintiff proposes that the standard disclosures contemplated by Rule 26(a) will be made and that discovery will be needed on the initial investigation into Martin Guitron's murder; Alex Torres's criminal trial, the re-investigation of Martin Guitron's murder and the eventual discovery of the real killer and getaway driver, Plaintiff's damages, the personnel files and disciplinary histories of the Individual Defendants, and the County Defendant's policies and practices relevant to Plaintiff's *Monell* claims. Plaintiff proposes that discovery should not be conducted in phases or otherwise limited and that no orders from the Court beyond the scheduling order are required at this time. Plaintiff reserves his right to seek

leave to take more than 10 depositions should it become necessary to do so during the course of investigation and discovery, including expert discovery.

Defendants anticipate serving discovery in the form of requests for admissions, written interrogatories and requests for production of documents. Defendants anticipate serving subpoenas for records from the District Attorney's Office and the Innocent Project reserve their rights to seek leave to take more than 10 depositions should it become necessary to do so during the course of investigation and discovery, including expert discovery.

**K. Discovery Cut-off**

The parties propose a deadline of 3/11/24. See attached draft scheduling order.

**L. Expert Discovery**

The parties propose deadlines of 1/15/24 (initial); 2/12/24 (rebuttal); 3/11/24 (expert discovery cutoff). See attached draft scheduling order.

**M. Dispositive Motions**

The parties agree that any dispositive motions should be filed within 30 days after the closure of expert discovery.

**N. Settlement/Alternative Dispute Resolution (ADR)**

The parties tentatively agree to use the panel. If the parties subsequently agree to use a private mediator, they will notify the Court. The parties agree that mediation is unlikely to be productive until after substantial written and oral discovery. If the parties determine during discovery that they are able to move up the timeframe for mediation, they will notify the Court.

**O. Trial Estimate**

Plaintiff has requested a jury trial. Defendants reserve their right to a jury trial. The parties jointly anticipate that the trial will require between 10-15 trial days.

**P. Trial Counsel**

For Plaintiffs, Liz Wang, Steve Art, and Wally Hilke will try the case.

For Defendants, Rickey Ivie and Marina Samson will try the case.

**Q. Independent Expert or Master**

Parties does not believe that an independent expert or master is necessary.

**R. Timetable**

Attached.

**S. Other issues**

The parties agree to accept service of documents, including discovery, by email.

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

                                              Respectfully submitted,

                                              **ALEXANDER TORRES**

                                        By: /s/ Wallace Hilke_____
                                                *One of Plaintiff's attorneys*

David Owens (SBN 275030)
Elizabeth Wang, IL Bar: 6287634, CO Bar: 45976
Steven Art, IL Bar: 6302319
Wallace Hilke, IL Bar: 6329814
hilke@loevy.com
elizabethw@loevy.com
steve@loevy.com
david@loevy.com
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

Jan Stiglitz (SBN 103815)
js@cwsl.edu
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Phone: (619) 807-5890

Michael D. Seplow (SBN 150183)
Paul Hoffman (SBN 71244)
mseplow@sshhzlaw.com
hoffpaul@aol.com
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

Counsel for Plaintiff

Dated: 1/23/2023　　　　　　　　**IVIE McNEILL WYATT PURCELL & DIGGS**

　　　　　　　　　　　　　　By:　__/S/ *Marina Samson*_____
　　　　　　　　　　　　　　　　**RICKEY IVIE**
　　　　　　　　　　　　　　　　**MARINA SAMSON**
　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　**COUNTY OF LOS ANGELES**, DAVIS CASTILLO, DARREN DIVIAK, BAHMAN ATABAKI, DEPUTY R. BARTON, RYAN DEYOUNG, LARRY LINCOLN, MICHAL O'SHEA, STEVE TILLMAN, LOS ANGELES COUNTY SHERRIF'S DEPARTMENT

## **ATTESTATION**

　　Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that, Marina Samson, counsel for Defendants, concurs in the content of this filing and have authorized this filing.

17