**RICKEY IVIE, ESQ. (SBN 76864)**
rivie@imwlaw.com
**MARINA SAMSON, ESQ. (SBN 315024)**
msamson@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552
Attorneys for Defendants
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, DAVID CASTILLO, DARREN DIVIAK, BAHMAN ATABAKI, DEPUTY R. BARTON, RYAN DEYOUNG, LARRY LINCOLN, MICHAEL O'SHEA, RALPH SALAZAR, STEVE TILLMANN, AND JIMMIE GATES**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER TORRES,<br><br>*Plaintiff,*<br><br>vs.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES; JIMMIE GATES #111207; DAVID CASTILLO #111663; DARREN DIVIAK; BAHMAN ATABAKI #408371; DEPUTY R. BARTON, # 410462; RYAN DEYOUNG #410355; ALFREDO R. CASTRO, #013440; LARRY LINCOLN; MICHAEL O'SHEA; STEVE TILLMANN; RALPH | Case No.: 2:22-cv-07450-MWF-MAR<br>District Judge: Hon. Michael W. Fitzgerald<br>Magistrate Judge: Margo A. Rocconi<br><br>**DEFENDANTS' REQUEST FOR LEAVE TO EXCEED LOCAL RULE 11-6 "7,000 WORDS" LIMIT ON THE MEMORANDUM OF POINTS AND AUTHORITIES IN DEFENDANTS' SUMMARY JUDGMENT MOTION; DECLARATION OF MARINA SAMSON IN SUPPORT THEREOF** |

SALAZAR; DEPUTY GILBERT; DEPUTY GUERRERO; and UNIDENTIFIED EMPLOYEES of the COUNTY OF LOS ANGELES AND THE LOS ANGELES SHERIFF'S DEPARTMENT,

        *Defendants*.

**TO**: **THE HONORABLE COURT AND ALL PARTIES:**

Defendants hereby respectfully request that the Court permit Defendants to exceed Local Rule 11-6 limit on all memorandum of points and authorities set to "7,000 words" and file oversized Memorandum of Points and Authorities in their summary judgment motion or partial summary judgment motion not to exceed 10,000 words. As set forth in the Declaration of Marina Samson, good cause and extraordinary circumstances exist for the Court order permitting Defendants to exceed the limit set by Local Rule 11-6.

Dated: May 13, 2024

**IVIE McNEILL WYATT PURCELL & DIGGS**

/s/ *Marina Samson*
**RICKEY IVIE**
**MARINA SAMSON**
Attorneys for Defendants
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, DAVID CASTILLO, DARREN DIVIAK, BAHMAN ATABAKI, DEPUTY R. BARTON, RYAN DEYOUNG, LARRY LINCOLN, MICHAEL O'SHEA, RALPH SALAZAR, STEVE TILLMANN, AND JIMMIE GATES**

# DECLARATION OF MARINA SAMSON

I, Marina Samson, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern, Southern Districts of California, and the Court of Appeals for the Ninth Circuit. I am a senior counsel with the law firm of Ivie McNeill Wyatt Purcell & Diggs, attorneys of record for Defendants COUNTY OF LOS ANGELES, et al. in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. On October 13, 2022, Plaintiff filed his operative Complaint against two entities and eleven (11) individual retired Los Angeles Sheriff's Department's deputies. [Dkt 1]. Plaintiff's Complaint for damages is consisted of 60 pages of allegations and the following 11 counts: 1. Count I - 42 U.S.C. § 1983, Fourteenth Amendment: Due Process, Fair Trial; 2. Count II - 42 U.S.C. § 1983, Fourth and Fourteenth Amendments: Malicious Prosecution; 3. Count III - 42 U.S.C. § 1983, Failure to Intervene; 4. Count IV - 42 U.S.C. § 1983, Conspiracy to Deprive Constitutional Rights; 5. Count V - 42 U.S.C. § 1983, *Monell* Claim; 6. Count VI - State Law Claim Intentional Infliction of Emotional Distress; 7. Count VII - State Law Claim Civil Conspiracy; 8. Count VIII - CA Civil Code § 52.1, the Bane Act; 9. Count IX - State Law Claim Malicious Prosecution; 10. Count X - State Law Claim *Respondeat* Superior; and 11. Count XI – Indemnification.

3. During the discovery process, the parties produced and subpoenaed thousands of pages of records. The parties collectively conducted depositions of thirty plus individuals.

4. On April 27, 2024, pursuant to Local Rule 7-3, I have sent a thorough meet and confer letter to Plaintiff's counsel detailing the grounds for Defendants' intended summary judgment motion and requesting in-person discussions to

potentially limit the projected noticed issues and the number of Defendants, which would ensure a meritorious trial. Plaintiff's counsel, Wallace Hilke, responded that he will be available for the meet and confer discussions on Tuesday, May 7, 2024 after the parties' scheduled mediation on May 5, 2024. The matter did not settle on May 6, 2024. On May 6, 2024, I have sent another email correspondence to Plaintiff's counsel, Wallace Hilke, providing my availability for May 7, 2024, between 9:30 a.m. and 5:30 p.m., for the planed in-person meet and confer discussions regarding Defendants' anticipated summary judgment motion. Plaintiff's counsel failed to respond to my request. Nevertheless, Defendants plan on filing their summary judgment motion containing a memorandum of points and authorities that is carefully written to address claims that are appropriate for summary adjudication and edited to ensure a concise and focused presentation to the Court.

     5.    Due to the extraordinary number of Defendants, claims, and factual allegations, Defendants respectfully request this Court's Order permitting Defendants to exceed Local Rule 11-6 limit on all memoranda of points and authorities to "7,000 words in length, excluding indices and exhibits" and file an oversized Memorandum of Points and Authorities in their summary judgment motion or partial summary judgment motion <u>not to exceed 10,000 words</u>.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed on this day 13th day of May 2024, at Los Angeles, California.

                                           /s/ *Marina Samson*
                                           Marina Samson, Declarant